**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **TRACY BROWN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. H-09-3449** |
| | § | |
| **DFS SERVICES, LLC, et al.,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

**MEMORANDUM AND ORDER**

Pending before the Court is the Rule 59(e) Motion for Reconsideration of Plaintiff. For the reasons below, this Court finds and holds that the Motion should be denied.

**I.     LEGAL BACKGROUND**

A detailed factual background of this case is set forth in the Court's Memorandum and Order (Doc. No. 75) (the "Order"), and is incorporated herein. A motion for reconsideration may be made under either Federal Rule of Civil Procedure 59(e) or 60(b). *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n. 1 (5th Cir. 2004). Such a motion must "clearly establish either a manifest error of law or fact or must present newly discovered evidence.  These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued."  *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).  In considering a motion for reconsideration, a court "must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the

basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

Here, because Plaintiffs have filed this Motion within 28 days of this Court's judgment, it will be analyzed under Rule 59(e). *See* FED. R. CIV. P. 59 (e). A Rule 59(e) motion should not be granted unless the plaintiff can show: (1) an intervening change in controlling law; (2) the availability of new evidence previously not available; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Brown v. Mississippi Co-op Extension Serv.*, 89 F. App'x 437, 437 (5th Cir. 2004) (citing cases). A court may grant a motion to reconsider on the basis of newly discovered evidence only if: (1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching. *Infusion Resources, Inc. v. Minimed, Inc*., 351 F.3d 688, 696-97 (5th Cir. 2003).

The Court will consider in turn each of the grounds on which Plaintiff moves for reconsideration of the Order.

## II.    GROUND 1

Plaintiff argues that "[t]he Court has erred in dismissing Plaintiff's breach of contract claims against Defendant DFS, because DFS['s] act of connecting its confidential information to Plaintiff's confidential information, and then giving access to said information to its business partner LCFC, amounted to a breach of contract."

The Court finds that holds that this argument neither presents new evidence nor demonstrates that this Court made a clear error of law. Moreover, the evidence referred to

in Plaintiff's Motion does not show, as Plaintiff suggests, that DFS actually gave LCFC information about Plaintiff's bank account or direct access to this account. Rather, the interrogatory response that Plaintiff presents in his Motion states only that LCFC submitted a charge to Plaintiff's Discover merchant account, which was then settled at the end of the month and resulted in Plaintiff's bank account being debited for the amount of the charge. Therefore, the Court will not revisit the Order on this basis.

## III.   GROUND 2

Next, Plaintiff argues that "the court has erred in dismissing Plaintiff's breach of contract claim against Defendant DFS, because the court failed to recognize that DFS and LCFC were business partners, and that because of that relationship, DFS breached the contract when it failed to get Plaintiff's direct authorization." More specifically, Plaintiff argues that the Court erred in failing to recognize that, because of their partnership, "DFS and LCFC are equally liable for acts of each other here." This is an incorrect statement of the law, and the Court will not revisit its ruling on this basis.

## IV.   GROUND 3

Plaintiff also avers that, "Plaintiff, who proceeded pro se in this case, should have been allowed to amend the complaint before dismissal with prejudice under Rule 12(b)(6)." Plaintiff cites *to Bazrowz v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). The Court dismissed Plaintiff's breach of contract claim against DFS because, under the contractual provisions cited by Plaintiff in his Petition, the alleged facts did not support such a claim. While it is true, as Plaintiff alleges, that a Court generally allows a pro se plaintiff to amend a Petition prior to dismissal of a case, this requirement is relaxed in cases where "plaintiff has alleged his best case." *See id*. Here, the Court determined that

Plaintiff misinterpreted the contractual provisions under which he sued, and therefore even his "best case" could not support a claim for breach of contract. The additional facts offered by Plaintiff in his Motion, which he claims constitute his "best case," confirm this. None these additional facts sufficiently plead a contractual breach under the agreement between Plaintiff and DFS. Thus, the Court did not err in dismissing Plaintiff's contractual claim without the opportunity to amend, because the Court has concluded that Plaintiff fundamentally misundersands the legal significance of the contractual terms.[1]

## V.    GROUNDS 4 and 5

Plaintiff argues that "the Court subjected Plaintiff to manifest injustice and committed clear error, when it chose to entirely exclude the affidavits Plaintiff submitted in support of his motion for partial summary judgment, and in opposition to Defendants' dispositive motions," and "[t]he Court has subjected Plaintiff to manifest injustice and committed clear error, when it failed to consider, evaluate, and address Plaintiff's other large volume of summary judgment evidence which included public records and business records." The Court took note of all summary judgment evidence submitted by Plaintiff, but was compelled, under the Rules of Evidence, to disregard portions of it. More specifically, the Court disregarded evidence, submitted in the form of affidavits, of other business owners claiming to have had experiences similar to those described by Plaintiff. As was noted in the Court's Order, information pertaining to other businesses is of no relevance to whether Plaintiff's claims are valid as a matter of law, because they provide

---

[1] The Court fully appreciates the logic behind many of Plaintiff's arguments. This does not, however, render these arguments legally sound. It is for this reason that the Court, on at least one occasion, strongly encouraged Plaintiff to seek counsel in this matter, as lawyers have ensured that contractual provisions can be interpreted only by other lawyers, and only sometimes at that.

no direct evidence as to the sufficiency of Plaintiff's claims. In addition, Plaintiff has no standing to assert claims on behalf of other business owners. Plaintiff has offered nothing to suggest that the Court should revisit its holding as to these issues.

## VI.     GROUND 6

Plaintiff alleges that "[t]he Court has erred in denying Plaintiff's DTPA claims against Defendants DFS, because said claims dealt with representations that were outside the contract." However, Plaintiff presents no new arguments which impugn this Court's holding that Plaintiff's allegation that DFS provided LCFC with confidential information in derogation of its obligations to Plaintiff cannot support a DTPA claim. Under Plaintiff's version of the facts, DFS did not deceive him, but rather provided LCFC with information that allowed LCFC to deceive him. This does not support a DTPA claim against DFS.

Plaintiff also claims that the Court erred in its assessment that Plaintiff failed to establish that DFS had any knowledge of the circumstances surrounding the transaction between Plaintiff and LCFC. Plaintiff has offered no new evidence that persuades the Court to revisit this finding.

## VII.    GROUND 7

Plaintiff avers that "[t]he Court erred when it denied Plaintiff's DTPA claim against Defendant DFS, because the court relied on a ground not advanced by Defendant DFS as a basis for granting summary judgment." This Court noted in its Order that the evidence presented did not establish the DFS actually knew of the circumstances surrounding the transaction that took place between LCFC and Ms. Goston. The Court then went on to hold that the circumstances surrounding this transaction between LCFC

and Ms. Goston did not demonstrate that LCFC was engaging in a deceptive trade practice. Therefore, even if the Court had not relied on DFS's lack of knowledge in its Order, it would have necessarily granted summary judgment in favor of DFS, as knowledge of lawful activity cannot create culpability. As such, Plaintiff's argument does not persuade this Court to revisit its prior ruling.

## VIII.   GROUND 8

Plaintiff argues that "[t]he Court has erred in denying Plaintiff's DTPA claims against Defendant DFS, because Plaintiff's summary judgment evidence proves that Defendant DFS did in fact process a transaction which it knew was the result of a deceptive trade by its business partner, defendant LCFC, creating a genuine issue of material fact." First, that Plaintiff simply disagrees with this Court's factual determination is insufficient to justify reconsideration. Moreover, for the reasons stated in the previous section, this argument does not present grounds upon which this Court should revisit its summary judgment ruling.

## IX.   GROUND 9

Plaintiff avers that "[t]he Court has erred in denying Plaintiff's DTPA claims against Defendant LCFC, because the evidence does show that LCFC knew that Plaintiff was the sole owner of the company, and the only merchant on the account, and plaintiff therefore presented evidence showing a genuine issue of fact." Again, that Plaintiff disagrees with this Court's factual assessment does not render reconsideration or reversal of the Court's previous position appropriate. In addition, because LCFC's knowledge as to the ownership of Rhinestones in Design cannot automatically be equated with its

knowledge as to who was authorized to make decisions on the company's behalf, the Court will not revisit its prior ruling as to this issue.

## X.      GROUND 10

`        Plaintiff avers that "[t]he Court erred in denying Plaintiff's DTPA claims against Defendant LCFC, because the court made credibility determinations with respect to said claims, and instead of making a determination of whether [they] created a genuine issue of material fact." The Court, however, made no credibility determinations in its analysis. It looked to the facts only to determine whether Plaintiff had presented any evidence to support its claims against LCFC as a matter of law. The Court will not now revisit its holding.

## XI.     GROUND 11

        Plaintiff argues that "newly discovered evidence shows that defendants have engaged in a deceptive trade." The "new evidence" to which Plaintiff points, however, namely affidavits provided by other small business owners who claim to have been taken advantage of by LCFC, do not speak to the validity of Plaintiff's claims as a matter of law. Accordingly, the Court cannot consider this new evidence.

## XII.    GROUND 12

        Plaintiff argues that "newly discovered evidence shows that manifest injustice will continue if the court fails to vacate the judgment and take action in this case." The Court shares some of Plaintiff's concerns as to the questionable business practices of LCFC. However, this does not change the fact that Plaintiff has failed to present any legal claims against Defendants that can survive summary judgment. Because the Defendants

have not engaged in a deceptive trade practice as a matter of law, this Court has no authority to intervene in their actions. Accordingly, the Court will not revisit its ruling.

## XIII.   GROUND 13

Plaintiff argues that "the Court erred in denying Plaintiff civil conspiracy claim, because Plaintiff did establish his DTPA claims against Defendants." This argument presents no new evidence, not does it establish that this Court committed an error of law. Accordingly the Court rejects it as a ground for reconsideration.

## XIV.   GROUND 14

Plaintiff argues that "[t]he Court erred in denying Plaintiff's negligence claims against the defendant because, if nothing else, if the defendants did not intentionally and knowingly engage in deceptive trade, then their actions amount to negligence." Plaintiff offers no new evidence to support his negligence claim, nor does he demonstrate that this Court committed an error of law. Accordingly, the Court must reject this argument as grounds for reconsideration.

## XV.   GROUND 15

Plaintiff seeks reconsideration of the court's decision to deny his amended petition, which added several additional plaintiffs and contained his request for a preliminary injunction. The Court previously reasoned that, before Plaintiff should be allowed to add several additional plaintiffs to this lawsuit, it should be have the opportunity to examine whether Plaintiff's own claims could withstand summary judgment. Because the additional parties whom Plaintiff sought to add are not bound by the Court's Order, they are free to file their own separate lawsuits if they wish. However, the Court finds no reason to revisit its previous ruling.

## XVI.  GROUND 16

Plaintiff also seek reconsideration of "the courts decision not to allow plaintiff to use the documents he subpoenaed from the BBB [Better Business Bureau]." These documents were obtained through an improper subpoena, and the Court thus held that Plaintiff could not submit them in connection with dispositive motion briefing. However, the Court did not require that Plaintiff destroy them, and provided that he could seek leave to resubmit them if his claims withstood summary judgment. The Court finds no reason to revisit this ruling. Moreover, to the extent that it has reviewed the documents in question, the Court notes that they would not have changed the outcome of the Order.

## XVII.  GROUND 17

Plaintiff's Ground 17 on the basis of which he seeks reconsideration of this Court's Order appears to be identical to Ground 15. Please see above for the Court's reasoning as to this Ground.

## XVIII. GROUND 18

Plaintiff's Ground 18 appears to be identical to Ground 16. Please see above for the Court's reasoning as to this Ground.

## XIX.  CONCLUSION

For the reasons stated above, Plaintiff's Motion for Reconsideration (Doc. No. 77) is hereby **DENIED.**

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 29th day of June, 2010.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE